Ben Eilenberg (State Bar # 261288)
Law Offices of Ben Eilenberg
3600 Lime Street, Suite 125
Riverside, CA 92501
(951) 201-4783
EilenbergLegal@gmail.com

Attorneys for Plaintiffs BRYAN GRIGSBY and LINDSEY MANESS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN GRIGSBY, an individual; and LINDSEY MANESS, an individual;<br><br>Plaintiffs,<br><br>vs.<br><br>DC 4400, LLC, a Delaware Limited Liability Company; DC 4x4, LLC, a Delaware Limited Liability Company; VANTAGE INVESTMENT HOLDINGS, LLC, a Delaware Limited Liability Company; J.T. STEPHENS, an individual; and DOES 1 TO 10<br><br>Defendants | Case No.:<br><br>**VERIFIED COMPLAINT FOR:**<br><br>**1. Breach of Fiduciary Duty**<br>**2. Breach of Contract**<br>**3. Breach of Contract**<br>**4. Quantum Meruit/Services Rendered**<br>**5. Conversion**<br>**6. Constructive Trust**<br>**7. Intentional Interference With Contractual Relations**<br>**8. Intentional Interference With Prospective Advantage**<br>**9. Negligent Interference With Prospective Advantage**<br>**10. Intentional Interference With Contractual Relations**<br>**11. Intentional Interference With Contractual Relations**<br>**12. Declaratory Relief**<br>**13. Trademark Infringement**<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT - 1

Plaintiffs BRYAN GRIGSBY and LINDSEY MANESS hereby complains against DC 4400, LLC, a Delaware Limited Liability Company; DC 4x4, LLC, a Delaware Limited Liability Company; VANTAGE INVESTMENT HOLDINGS, LLC, a Delaware Limited Liability Company; J.T. STEPHENS, an individual; and DOES 1 TO 10 (collectively "Defendants") as follows:

## PARTIES

1. Plaintiff BRYAN GRIGSBY is an individual who resides in California.

2. Plaintiff LINDSEY MANESS is an individual who resides in California.

3. Defendant DC 4400, LLC is a Delaware Limited Liability Company.

4. Defendant DC 4x4, LLC is a Delaware Limited Liability Company.

5. Defendant VANTAGE INVESTMENT HOLDINGS, LLC is a Delaware Limited Liability Company.

6. Defendant J.T. STEPHENS is an individual. Plaintiffs are informed and believe, and thereon allege, that STEPHENS is a resident of Arkansas.

7. The true names and capacities of defendants named as Doe 1 through Doe 10, inclusive, are presently unknown to Plaintiffs. Plaintiffs will amend this complaint, setting forth the true names and capacities of these fictitious defendants when they are ascertained. Plaintiffs are informed and believe, and thereon allege, that each of the fictitious defendants has participated in the acts alleged in this complaint to have been done by the named defendants.

8. Plaintiffs are informed and believe, and thereon allege, that at all relevant times each of the defendants, whether named or fictitious, was the agent or employee of each of the other defendants, and in doing the things alleged to have

been done in the Complaint, acted within the scope of such agency or employment, or ratified the acts of the other.

9. Plaintiffs are informed and believe, and thereon allege, that at all relevant times each of the defendants, whether named or fictitious, was the alter-ego of each of the other defendants, and in doing the things alleged to have been done in the Complaint, acted with a unity of interest such that the separate personalities of the corporate entity and the individual defendants do not in reality exist and honoring the separate entities would result in an inequitable result.

## JURISDICTION

10. Jurisdiction is proper under both Federal Question and Diversity Jurisdiction.

11. Defendants infringed upon Plaintiff's trademarked material, specifically a common law trademark of "DC 4x4".

12. The case also contains complete diversity between the parties. Plaintiffs are individuals who live in California. Defendants are all out of state entities. Plaintiffs are informed and believe, and thereon allege, that the damages exceed $75,000.

## VENUE

13. The primary place where the damages occurred are in Riverside, California. Therefore, venue is proper in the Central District of California.

## GENERAL ALLEGATIONS

*Formation of the Joint Venture*

14. Plaintiffs are in the business of designing and customizing racing vehicles and designing, researching, developing, and prototyping actual components and processes for 3rd party national and international companies.

15. Plaintiffs designed and customized racing vehicles in Riverside County, California since approximately 2007.

16. Plaintiffs' vehicles won a number of awards, including:
   a. 2010 Best In The Desert Vegas to Reno Class Champion
   b. 2011 Best In The Desert Parker Blue Water Desert Challenge Class Champion
   c. 2011 Best In The Desert Vegas To Reno Class Champion
   d. 2011 Best In The Desert Overall Series Championship
   e. 2011 Pikes Peak Hill Climb Ultra 4 Class Champion
   f. 2012 Lucas Oil Regional Ultra 4 Overall Series Championship
   g. 2012 Mojave Off Road Racing Enthusiasts Overall Series Championship

17. In 2014 Defendant J.T. Stephens approached Plaintiffs and proposed that they enter joint venture.

18. Defendant J.T. Stephens had attorneys Anthony Ellrod and Ari Markow draw up a joint venture agreement.

19. Plaintiffs are informed and believe, and thereon allege, that Ellrod and Markow were also Stephens' personal attorneys.

20. Ellrod and Markow did not disclose that they were Stephen's personal attorneys at the time, and represented to Plaintiffs that they were solely the attorneys for the joint venture.

21. Stephens requested to use a Single Purpose Entity LLC named DC 4400, LLC for his portion of the Joint Venture Agreement.

22. Stephens also stated that there would be an additional entity, Vantage Investment Holdings, LLC used that would be part of the joint venture, and that Plaintiffs would receive 20% of as part of the joint venture.

23. In September 2014, Stephens, Ellrod, and Markow sent the Joint Venture Agreement to Plaintiffs to sign. A true and correct copy is attached hereto as Exhibit 1.

24. Stephens, Ellrod, and Markow told Plaintiffs that they could sign the Joint Venture Agreement with various sections blank, including:

a. The book value of the company (Section 9(B).)

b. Where notice was to be sent (Section 38.)

c. The necessary capital contribution amount by DC 4400, LLC (Exhibit A.)

d. The necessary contributions by Plaintiffs (Exhibit B.)

e. What the Joint Venture Projects were (Schedule A.)

25. Based on Stephens', Ellrod's, and Markow's representations that these sections did not need to be filled in at the time of signing, Plaintiffs signed the Joint Venture Agreement.

26. On October 21, 2014, after the Joint Venture Agreement was signed, Stephens formed DC 4400, LLC.

*Stephens Forms DC 4x4 LLC Without Informing Plaintiffs*

27. One of Plaintiffs' brands is DC 4x4. DC stands for Desert Concepts.

28. Without informing Plaintiffs, on November 3, 2014 Stephens formed a separate entity named DC 4x4. Plaintiffs are informed and believe, and thereon allege, that Stephens is the sole owner of DC 4X4, LLC.

*Stephens Interferes With The Operations Of The Desert Concepts Shop*

29. Stephens began using the Desert Concepts facility as storage and customization shop for his private vehicles. At its peak, Stephens was storing 27 vehicles in the Desert Concepts facility.

30. On multiple occasions, Stephens directed workers to not work on customer projects and instead only work on his own vehicles.

31. This created multiple issues, but two primary problems:
   a. The shop began running late on deliveries to customers due to Stephens' insistence that his vehicles be dealt with before customers' vehicles.
   b. Stephens ran up very large invoices to the shop due to the custom work he demanded on his personal vehicles, but refused to pay for any of the invoices.

32. Plaintiffs had a five year lease on the Desert Concepts Shop via Vantage Investment Holdings.

33. Plaintiffs have learned that Stephens and/or DC 4400, LLC went to the property management firm for the property and took out a new lease removing Plaintiffs from the lease. Plaintiffs are informed and believe, and thereon allege, that Defendants took these actions immediately prior to locking Plaintiffs out of the business as set forth below.

*Stephens Locks Plaintiffs Out Of The Desert Concepts Shop, Illegally Fires All Of The Employees, And Transports The Equipment And Vehicles To Arkansas*

34. On July 6, 2016, Plaintiffs went to the Desert Concepts Shop and found that the locks had been changed. At the same time, Ellrod and Markow hired a security guard to prevent Plaintiffs and their employees from entering the building.

35. Plaintiffs then learned that Stephens, either individually or acting on behalf of DC 4400, was surreptitiously moving equipment, vehicles, customer vehicles, computers, records, tools, proprietary component, CAD designs and software, fixtures, jigs, and other items from the Desert Concepts Shop.

36. Plaintiffs are informed and believe, and thereon allege, that Stephens moved all of these items to Arkansas.

37. Plaintiffs called the police, and Stephens informed the police he was buying out Plaintiffs' interests (despite the fact that Plaintiffs had never agreed to sell their interests.) The police therefore declared that this was a matter that needed to be resolved by the civil courts.

38. At the same time, Stephens fired all of the Desert Concepts employees.

39. Plaintiffs are informed and believe, and thereon allege, that Plaintiff informed the Desert Concepts employees that he would not issue them their final paychecks unless they signed releases for him.

40. This demand, if true, constitutes a violation of California labor laws and exposes Plaintiffs to liability.

*Summary Of Harm Caused By Defendants*

41. As set forth in more detail above, Plaintiffs are informed and believe, and thereon allege, that Defendants engaged in the following bad acts:

    a. Defendants converted property belonging to Plaintiffs.

    b. Defendants converted property belonging to Plaintiffs' customers.

    c. Defendants forced employees to work on Stephens' personal vehicles rather than customer vehicles causing delays on work.

    d. Defendants refused to pay for the custom work performed on Stephens' personal vehicles.

    e. Defendants locked Plaintiffs out of the Desert Concepts Shop.

    f. Defendants shut down the Desert Concepts Shop without authorization.

    g. Defendants fired Plaintiffs' employees without authorization.

    h. Defendants refused to provide Plaintiffs' employees with paychecks unless the employees signed releases.

    i. To the extent Defendant DC 4x4, LLC has operated under that name, it has violated Plaintiffs' common law trademark to the name.

    j. Defendants have failed to issue Plaintiff's 20% ownership interest in Vantage Investment Holdings, LLC.

## FIRST CAUSE OF ACTION

### (Breach of Fiduciary Duty)

### (Against DC 4400, LLC and J.T. Stephens)

42. Plaintiffs incorporate each of the allegations set forth in paragraphs 1 through 41.

43. Defendant DC 4400, LLC is listed as one of the members of the Joint Venture Agreement.

44. J.T. Stephens signed on behalf of DC 4400, LLC.

45. DC 4400, LLC did not exist at the time the Joint Venture Agreement was signed.

46. Plaintiffs are informed and believe, and thereon allege, that J.T. Stephens is also the alter-ego of DC 4400, LLC.

47. Therefore, J.T. Stephens may be held liable individually either as the actual signor of the Joint Venture Agreement, or as the alter-ego of DC 4400, LLC.

48. DC 4400, LLC and/or J.T. Stephens owe a fiduciary duty to the Joint Venture and its other members: Plaintiffs.

49. For the reasons set forth above, DC 4400, LLC and/or J.T. Stephens have violated their fiduciary duties.

50. As a proximate result of these breaches, Plaintiffs and the Joint Venture were damaged in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

### (Breach of Contract)

### (Against DC 4400, LLC and J.T. Stephens)

51. Plaintiffs incorporate each of the allegations set forth in paragraphs 1 through 50.

52. Defendant DC 4400, LLC is listed as one of the members of the Joint Venture Agreement.

53. J.T. Stephens signed on behalf of DC 4400, LLC.

54. DC 4400, LLC did not exist at the time the Joint Venture Agreement was signed.

55. Plaintiffs are informed and believe, and thereon allege, that J.T. Stephens is also the alter-ego of DC 4400, LLC.

56. Therefore, J.T. Stephens may be held liable individually either as the actual signor of the Joint Venture Agreement, or as the alter-ego of DC 4400, LLC.

57. If the Court should determine that the Joint Venture Agreement is an enforceable contract, despite its many missing terms, then Plaintiffs allege that DC 4400, LLC and/or J.T. Stephens breached the Joint Venture Agreement.

58. Plaintiffs have fully performed all covenants, conditions, and obligations required by them to be performed by reason of the contract, except to the extent waived, excused or made impossible by Defendants' breach of the contract.

59. Through all of the actions detailed above, Defendants breached the contract.

60. As a proximate result of these breaches of the contract, Plaintiffs were damaged in an amount to be proven at trial.

## THIRD CAUSE OF ACTION

### (Breach of Contract)

### (Against J.T. Stephens)

61. Plaintiffs incorporate each of the allegations set forth in paragraphs 1 through 60.

62. J.T. Stephens contracted with the Joint Venture to perform various customizations and work on his personal vehicles.

63. Plaintiffs have fully performed all covenants, conditions, and obligations required by them to be performed by reason of the contract, except to the extent waived, excused or made impossible by Defendants' breach of the contract.

64. J.T. Stephens has refused to pay for that work.

65. As a proximate result of these breaches of the contract, Plaintiffs were damaged in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION

### (Quantum Meruit/Services Rendered)

### (Against J.T. Stephens)

66. Plaintiffs incorporate each of the allegations set forth in paragraphs 1 through 65.

67. Plaintiffs performed services and incurred costs for J.T. Stephens by customizing his personal vehicles.

68. J.T. Stephens promised to pay Plaintiffs for the work performed.

69. Plaintiffs have asked J.T. Stephens to pay these sums. However, J.T. Stephens has refused, and continues to refuse, to pay for the services rendered and the costs incurred.

70. As a direct and proximate result of J.T. Stephens' failure to pay, Plaintiffs have suffered damages in an amount to be proven at trial.

## FIFTH CAUSE OF ACTION

### (Conversion)

**(Against DC 4400, LLC, Vantage Investment Holdings, LLC and J.T. Stephens)**

71. Plaintiffs incorporate each of the allegations set forth in paragraphs 1 through 70.

72. Plaintiffs owned and possessed equipment, vehicles, customer vehicles, computers, records, and other items at the Desert Concepts Shop as well as Plaintiff's ownership interest in Vantage Investment Holdings, LLC.

73. Defendants intentionally and substantially interfered with Plaintiffs' property by taking possession of the items and preventing Plaintiffs from having access to the items.

74. Plaintiffs did not consent.

75. Plaintiffs were harmed.

76. Defendants' conduct was a substantial factor in causing Plaintiffs' harm.

## SIXTH CAUSE OF ACTION

### (Constructive Trust)

**(Against Defendants)**

77. Plaintiffs incorporate each of the allegations set forth in paragraphs 1 through 76.

78. There are three aspects to the constructive trust claim alleged against Defendants.

79. First, the personal property of Plaintiffs was improperly taken by Defendants. This property is being held by Defendants in constructive trust for Plaintiffs.

80. Second, the property of the Joint Venture was improperly taken by Defendants, including the customer vehicles taken by Defendants. This property is being held by Defendants in constructive trust for the Joint Venture.

81. Third, to the extent DC 4x4, LLC has done any business by capitalizing on the trade name "DC 4x4", the results of that business are held in constructive trust for Plaintiffs.

82. Fourth, Defendants are holding Plaintiffs' 20% interest in Vantage Investment Holdings, LLC in constructive trust.

## SEVENTH CAUSE OF ACTION

### (Intentional Interference With Contractual Relations)

### (Against DC 4400, LLC and J.T. Stephens)

83. Plaintiffs incorporate each of the allegations set forth in paragraphs 1 through 82.

84. Plaintiffs had contracts with various clients to perform vehicle customization work.

85. Defendants knew of these relationships.

86. Defendants disrupted these relationships via the actions set forth in more detail above.

87. Plaintiffs were harmed.

88. Defendants' conduct was a substantial factor in causing Plaintiffs' harm.

## EIGHTH CAUSE OF ACTION

### (Intentional Interference With Prospective Economic Advantage)

### (Against DC 4400, LLC and J.T. Stephens)

89. Plaintiffs incorporate each of the allegations set forth in paragraphs 1 through 88.

90. Plaintiffs were in economic relationships with their customers that probably would have resulted in a future economic benefit to Plaintiffs.

91. Defendants knew of these relationships.

92. Defendants disrupted these relationships via the actions set forth in more detail above.

93. Plaintiffs were harmed.

94. Defendants' conduct was a substantial factor in causing Plaintiffs' harm.

## NINTH CAUSE OF ACTION

### (Negligent Interference With Prospective Economic Relations)

### (Against Defendants)

95. Plaintiffs incorporate each of the allegations set forth in paragraphs 1 through 94.

96. Plaintiffs were in economic relationships with their customers that probably would have resulted in a future economic benefit to Plaintiffs.

97. Defendants knew or should have known of these relationships.

98. Defendants knew or should have known that these relationships would be disrupted if they failed to act with reasonable care.

99. Defendants failed to act with reasonable care.

100. Defendants engaged in wrongful conduct as set forth above.

101. The relationships were disrupted.

102. Plaintiffs were harmed.

103. Defendants' wrongful conduct was a substantial factor in causing Plaintiff's harm.

## TENTH CAUSE OF ACTION

**(Intentional Interference With Contractual Relations)**

**(Against DC 4400, LLC and J.T. Stephens)**

104. Plaintiffs incorporate each of the allegations set forth in paragraphs 1 through 103.

105. Plaintiffs had contracts with their employees to perform vehicle customization work.

106. Defendants knew of these relationships.

107. Defendants disrupted these relationships via the actions set forth in more detail above.

108. Plaintiffs were harmed.

109. Defendants' conduct was a substantial factor in causing Plaintiffs' harm.

## ELEVENTH CAUSE OF ACTION

**(Intentional Interference With Contractual Relations)**

**(Against DC 4400, LLC and J.T. Stephens)**

110. Plaintiffs incorporate each of the allegations set forth in paragraphs 1 through 109.

111. Plaintiffs had contracts with their landlord for a five year lease of the Desert Concepts.

112. Defendants knew of these relationships.

113. Defendants disrupted these relationships via the actions set forth in more detail above.

114. Plaintiffs were harmed.

115. Defendants' conduct was a substantial factor in causing Plaintiffs' harm.

## TWELFTH CAUSE OF ACTION

### (Declaratory Relief)

### (Against DC 4400, LLC and J.T. Stephens)

116. Plaintiffs incorporate each of the allegations set forth in paragraphs 1 through 115.

117. An actual controversy has arisen and now exists between plaintiff and defendant concerning their respective rights and duties to each other.

118. Due to the many "blanks" in the Joint Venture Agreement, Plaintiffs are uncertain whether the Joint Venture Agreement even is a valid contract.

119. If the Joint Venture Agreement is a valid contract, Plaintiffs are uncertain what duties and responsibilities each party has to the Joint Venture Agreement.

120. As well, since DC 4400, LLC did not exist at the time of the signing of the Joint Venture Agreement, Plaintiffs do not know with whom they contracted (if the contract is valid.)

121. Plaintiffs desire a judicial determination of the parties' rights and duties, and a declaration as to who the parties to the Joint Venture Agreement are, what each party's rights and duties are, what contributions are necessary, what the joint venture projects are, and what the book value of the Joint Venture is.

122. A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiffs may ascertain their rights and duties.

## THIRTEENTH CAUSE OF ACTION

### (Trademark Infringement)

### (Against DC 4x4, LLC and J.T. Stephens)

123. Plaintiffs incorporate each of the allegations set forth in paragraphs 1 through 122.

124. Plaintiffs developed a common law trademark in the name of DC 4x4 through use in commerce commencing as early as 2013.

125. Plaintiffs are informed and believe, and thereon allege, DC 4x4, LLC has infringed upon that trademark by using the name in commerce.

126. Plaintiffs are informed and believe, and thereon allege, that J.T. Stephens formed DC 4x4, LLC in order to infringe upon the trademark.

127. Plaintiffs are informed and believe, and thereon allege, that the creation and use of DC 4x4, LLC has created a likelihood of confusion about the origin of goods or services provided by DC 4x4, LLC.

## PUNITIVE DAMAGES REQUEST

128. Plaintiffs incorporate each of the allegations set forth in paragraphs 1 through 127.

129. Defendants, and each of them, acted in a despicable manner, intending to vex, injure and annoy Plaintiffs while enriching themselves and have been guilty of oppression, fraud and malice, thus warranting an award of punitive damages, in an amount according to proof at trial.

## PRAYER

WHEREFORE, Plaintiffs prays for judgment as follows:

1. For general and actual damages;
2. For an accounting;

3. For a preliminary and permanent injunction prohibiting Defendants from taking Plaintiffs' and the Joint Venture's property and secreting it for themselves;
4. For a judicial declaration as to:
    a. Whether the Joint Venture Agreement is a valid contract;
    b. Who the parties to the Joint Venture Agreement are;
    c. What each party to the Joint Venture Agreement's rights and duties are;
    d. What contributions are necessary for each party to the Joint Venture Agreement;
    e. What the joint venture projects are; and
    f. What the book value of the Joint Venture is.
5. For prejudgment interest according to law.
6. For exemplary damages according to proof;
7. For costs of the suit;
8. For attorneys fees;
9. For any other, further, or different relief as the Court may deem proper.

Dated this 23rd day of August, 2016

_____
Ben Eilenberg
Law Offices of Ben Eilenberg
Attorneys for Plaintiffs Bryan Grigsby
and Lindesy Maness

**VERIFICATION**

I SWEAR (OR AFFIRM) UNDER THE PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES THAT THE FOREGOING STATEMENTS CONCERNING THE COMPLAINT ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND UNDERSTANDING.

Dated:        23rd day of August 2016



# VERIFICATION

I SWEAR (OR AFFIRM) UNDER THE PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES THAT THE FOREGOING STATEMENTS CONCERNING THE COMPLAINT ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND UNDERSTANDING.

Dated:     23rd day of August 2016



_____
Lindsey Maness