UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**　　'O'　JS-6

| Case No. | 5:16-cv-01809-CAS (SPx) | Date | December 5, 2016 |
|---|---|---|---|
| Title | BRYAN GRIGSBY ET AL. v. DC 4400, LLC ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Ben Eilenberg | Paul Harshaw |

**Proceedings:**　PLAINTIFFS' APPLICATION TO APPOINT A RECEIVER AND FOR A PRELIMINARY INJUNCTION (Filed September 8, 2016, Dkt. 20)

DEFENDANTS' MOTION TO DISMISS (Filed November 2, 2016, Dkt. 36)

PLAINTIFFS' MOTION TO STRIKE STEPHENS' DECLARATION (Filed November 14, 2016, Dkt. 37)

## I.   INTRODUCTION

On August 24, 2016, Bryan Grigsby and Lindsey Maness filed this action against DC 4400, LLC ("DC 4400"); DC 4x4, LLC ("DC 4x4"); Vantage Investment Holdings, LLC ("Vantage"); J.T. Stephens; and Does one through ten (collectively "defendants"). Dkt. 1.

On August 30, 2016, plaintiffs filed an ex parte application for a temporary restraining order or, alternatively, preliminary injunction as well as seeking the appointment of a receiver. Dkt. 8. On August 31, 2016, the Court denied plaintiffs' motion for a temporary restraining order. Dkt. 13. The Court further denied plaintiffs' motion for a preliminary injunction and appointment of a receiver without prejudice, subject to renewal after defendants had been properly served in the matter. Id. On September 1, 2016, defendants, purportedly by special appearance, filed an untimely opposition to plaintiffs' initial motion, which the Court had already denied. Dkt. 14.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| Case No. | 5:16-cv-01809-CAS (SPx) | Date | December 5, 2016 |
|---|---|---|---|
| Title | BRYAN GRIGSBY ET AL. v. DC 4400, LLC ET AL. | | |

On September 8, 2016, plaintiffs filed the application for a preliminary injunction and motion for the appointment of a receiver now before the Court. Dkt. 20. On September 26, 2016, defendants filed an opposition, Dkt. 24, and objections to portions of plaintiff's evidentiary submissions, Dkt. 25. On October 3, 2016, plaintiffs filed a reply in support of their motion. Dkt. 28.

On September 29, 2016, defendants filed a motion to dismiss the Complaint. Dkt. 26.

On October 17, 2016, the Court held oral argument on plaintiffs' application for a preliminary injunction. At that time, the Court informed the parties of its tentative view that the matter was likely subject to the arbitration clause of a Joint Venture Agreement attached to plaintiffs' complaint, see Dkt. 1 Ex. 1, and that the Court may construe defendants' motion to dismiss as a motion to compel arbitration. Thereafter, the Court took plaintiffs' application for a preliminary injunction or appointment of a receiver under submission until after the Court ruled on defendants' motion to dismiss. Dkt. 33.

On October 20, 2016, plaintiffs filed the operative First Amended Complaint ("FAC"). Dkt. 31. The FAC asserts fourteen claims, namely, (1) breach of fiduciary duty by DC 4400 and Stephens; (2) breach of contract by DC 4400 and Stephens; (3) breach of contract by Stephens; (4) quantum meruit by Stephens; (5) conversion by DC 4400, Vantage, and Stephens; (6) constructive trust against all defendants; (7) intentional interference with contractual relations by DC 4400 and Stephens, based on plaintiffs' alleged relationships with clients; (8) intentional interference with prospective economic advantage by DC 4400 and Stephens; (9) negligent interference with prospective economic relations by all defendants; (10) intentional interference with contractual relations by DC 4400 and Stephens, based on plaintiffs' alleged relationships with their employees; (11) intentional interference with contractual relations by DC 4400 and Stephens, based on plaintiffs' alleged relationship with their landlord; (12) declaratory relief against DC 4400 and Stephens; (13) trademark infringement by DC 4x4 and Stephens; and (14) credit card fraud by Stephens.

On October 24, 2016, plaintiffs filed an opposition to defendants' motion to dismiss the original complaint. Dkt. 32. On October 31, 2016, defendants filed a reply in support of their motion to dismiss the original complaint. Dkt. 34. On November 1, 2016, the Court vacated the hearing regarding defendants' motion to dismiss the original

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| Case No. | 5:16-cv-01809-CAS (SPx) | Date | December 5, 2016 |
|---|---|---|---|
| Title | BRYAN GRIGSBY ET AL. v. DC 4400, LLC ET AL. | | |

complaint and denied defendant's motion as moot in light of plaintiffs' amended complaint. Dkt. 35.

On November 2, 2016, defendants filed a motion to dismiss the FAC. Dkt. 36. Defendants attached a declaration by Stephens to their motion to dismiss the FAC. Dkt. 36-1. On November 14, 2016, plaintiffs filed a motion to strike the aforementioned declaration by Stephens, Dkt. 37, and an opposition to the pending motion to dismiss, Dkt. 38. In their opposition, plaintiffs contend that defendants' motion to dismiss is mislabeled as such and is, in fact, a motion to compel arbitration. Plaintiffs' motion to strike the Stephens declaration was noticed for hearing on December 12, 2016. On November 21, 2016, defendants' filed a reply in support of their motion to dismiss the FAC. Dkt. 40. On November 22, 2016, the Court rescheduled oral argument regarding plaintiffs' motion to strike the Stephens declaration from December 12, 2016, to December 5, 2016, to coincide with oral argument on defendants' motion to dismiss. Dkt. 41.

Having carefully considered the parties arguments, the Court finds and concludes as follows.

## II.    BACKGROUND

Plaintiffs are individuals who design and customize racing vehicles as well as develop prototype vehicle components. Plaintiffs allege that they operate a facility where they perform their automotive customization work, which they refer to as the Desert Concepts Shop. FAC ¶¶ 28-29. The parties to this action are principally engaged in a contract dispute. The parties agree that on or about September 29, 2014, plaintiffs and DC 4400 entered into a joint venture agreement ("the Agreement"). Id. Ex. 1. DC 4400 is allegedly a single-purpose entity created by Stephens "for his portion" of the Agreement. Id. ¶ 21. Plaintiffs allege that Vantage was "part of" the Agreement and that the Agreement entitled plaintiffs to "20%" of Vantage. Id. ¶ 22. Plaintiffs allege that DC 4x4 is a separate corporate entity created by Stephens. Id. ¶ 28. Plaintiffs allege that, at all relevant times, each of the defendants was the alter-ego of each other defendant and acted with a unity of interest such that separate personalities of the corporate entity and the individual defendants do not in reality exist. Id. ¶ 9.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 5:16-cv-01809-CAS (SPx) | Date | December 5, 2016 |
| Title | BRYAN GRIGSBY ET AL. v. DC 4400, LLC ET AL. | | |

Pursuant to the Agreement, DC 4400 appears to have agreed that it would provide initial capital for the joint venture and plaintiffs appear to have agreed that they would contribute their skills, contacts, and certain equipment to the venture. Id. Ex. 1 at 3-4. However, the Agreement was silent with regard to the precise amount of DC 4400's capital contribution, see id. at 12, and with regard to plaintiffs' equipment contribution, see id. at 13. The Agreement provides that:

> The Parties agree to use their respective reasonable commercial efforts in good faith to resolve any disputes arising out of or related to this Agreement. To the extent that the dispute in question cannot be resolved through such normal business practices, it shall first be submitted to mediation before a professional mediator, mutually agreeable to the parties, for a period to last no more than ninety (90) days, and if such dispute is not settled within such time, it shall then be settled by binding arbitration before a single arbitrator in Little Rock, Arkansas, in accordance with the rules of the American Arbitration Association . . . . The award may be confirmed and enforced in any court of competent jurisdiction.

Id. at 9. The Agreement further provides that:

> any and all matters of dispute between the Parties to this Agreement, whether arising from the Agreement itself or arising from alleged extra contractual facts prior to, during or subsequent to the Agreement, including, without limitation, fraud, misrepresentation, negligence or any other alleged tort or violation of the contract, shall be governed by, construed and enforced in accordance with the laws of the State of Arkansas, regardless of the legal theory upon which such matter is asserted.

Id. Finally, the Agreement provided that it would terminate on September 29, 2015. Id. at 7. On or around September 29, 2015, the parties signed a written extension of the Agreement until September 29, 2016. Id. at 15.

Plaintiff alleges that, at an undetermined time, Stephens began using the Desert Concepts Shop to store his privately-owned vehicles. FAC ¶ 29. Stephens allegedly began instructing workers at the Desert Concepts Shop to cease work on customer projects and instead to work on his own vehicles. Id. ¶ 30. "Stephens and/or DC 4400"

Case 5:16-cv-01809-CAS-SP   Document 42   Filed 12/05/16   Page 5 of 12   Page ID #:816

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**           'O'   JS-6

| Case No. | 5:16-cv-01809-CAS (SPx) | Date | December 5, 2016 |
|---|---|---|---|
| Title | BRYAN GRIGSBY ET AL. v. DC 4400, LLC ET AL. | | |

also took out a new lease for the Desert Concepts Shop, which removed plaintiffs from the building lease.  Id. ¶ 33.

Plaintiffs' application for a preliminary injunction derives principally from Stephens and DC 4400's alleged misappropriation of property from the Desert Concepts Shop.  On July 6, 2016, plaintiffs allegedly visited the Desert Concepts Shop and discovered that the locks had been changed.  Id. ¶ 34.  Plaintiffs allege that Stephens or DC 4400 was removing equipment, vehicles, customer vehicles, records, tools, fixtures, and other property from the Desert Concepts Shop without plaintiffs' permission and moved the materials to Arkansas.  Id. ¶¶ 35-36.  Stephens also, allegedly, fired all of the Desert Concepts employees.  Id. ¶ 38.  Plaintiffs request that the Court issue an order to "preserve the assets of the Joint Venture" as well as order the "return the assets of Plaintiffs, and third parties."  Mot. at 12.

The parties agree that the Joint Venture must be wound up and, by its own terms appears to have expired on September 29, 2016.

### III.   DEFENDANTS' MOTION TO DISMISS

####   A.   Legal Standard

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.' "  Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "[F]actual allegations must be enough to raise a right to relief above the speculative level."  Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 5:16-cv-01809-CAS (SPx) | Date | December 5, 2016 |
| Title | BRYAN GRIGSBY ET AL. v. DC 4400, LLC ET AL. | | |

from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998).[1]  The complaint must be read in the light most favorable to the nonmoving party.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.").  Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Iqbal, 556 U.S. at 679.

Defendants' motion to dismiss is based upon the arbitration clause of the Agreement.  The Federal Arbitration Act ("FAA") provides that "a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  The FAA reflects a "liberal federal policy favoring arbitration agreements."  Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 25 (1991) (quoting Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24(1983)).  Normally, the court must determine (1) whether there exists a valid agreement to arbitrate; and (2) if there is a valid agreement, whether the dispute falls within its terms.  Chiron Corp. v. Ortho Diagnostic Sys., 207 F.3d 1126, 1130 (9th Cir. 2000).  "However, these gateway issues can be expressly delegated to the arbitrator

---

[1] Stephens has submitted a declaration in support of defendants' motion to dismiss. Dkt. 36-1.  Plaintiffs' motion to strike the declaration argues that the Court should not consider Stephens' new declaration in deciding the motion to dismiss.  Defendants respond by acknowledging that "if this Honorable Court finds J.T. Stephens' declaration improper as attached to a motion to dismiss, it should simply disregard it."  Reply at 2.  Plaintiffs are correct that, when considering a motion to dismiss, the Court must accept the allegations in the operative complaint as true.  Accordingly, the Court declines to consider Stephens's second declaration in which he appears to dispute plaintiffs' factual allegations.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 5:16-cv-01809-CAS (SPx) | Date | December 5, 2016 |
| Title | BRYAN GRIGSBY ET AL. v. DC 4400, LLC ET AL. | | |

where 'the parties *clearly and unmistakably* [delegate arbitrability to an arbitrator].'" Brennan v. Opus Bank, 796 F.3d 1125, 1130 (9th Cir. 2015) (emphasis in Opus Bank) (quoting AT & T Techs., Inc. v. Commc'ns Workers of Am., 475 U.S. 643, 649 (1986)).

### B.    DISCUSSION

Plaintiffs acknowledge signing the Agreement, which contains a provision requiring submission of disputes to arbitration. Plaintiffs seek to avoid submission of this action to arbitration by arguing that not every defendant here was a party to the Agreement and therefore, according to plaintiffs, not every defendant can compel arbitration of claims asserted here. Additionally, plaintiffs argue that the Agreement is unconscionable.

Plaintiffs are correct that not every defendant here signed the Agreement. However, plaintiffs allege that each of the defendants is an alter-ego for the others and that the corporate entities against whom they bring claims are not actually distinct from one another. Plaintiffs allege that they signed the Agreement with DC 4400, FAC ¶ 58, that Vantage was part of the Agreement, id. ¶ 22, that Stephens is subject to the Agreement as the actual signer or as the alter-ego of DC 4400, id. ¶ 62, and that DC 4x4 is solely owned by Stephens and an alter-ego of each of the other defendants, id. ¶¶ 9, 28. Accordingly, plaintiffs' argument that not every defendant signed the Agreement is unavailing.

Additionally, the Agreement delegates the question of arbitrability to the arbitrator. The Ninth Circuit has concluded that "incorporation of the AAA rules constitutes clear and unmistakable evidence that contracting parties agreed to arbitrate arbitrability." Opus Bank, 796 F.3d at 1130. Although the holding of Opus Bank is limited to cases involving "an arbitration agreement 'between sophisticated parties,'" id. at 1131 (quoting Oracle America, Inc. v. Myriad Group A.G., 724 F.3d 1069, 1057 & n. 2 (9th Cir. 2013)), "the prevailing trend of case law" has been to apply rule recited in Opus Bank against sophisticated and non-sophisticated parties alike, Zenelaj v. Handybook Inc., 82 F. Supp. 3d 968, 974 (N.D. Cal. 2015).

The Agreement provides that the parties will follow a dispute resolution process by first attempting in good faith to resolve disputes, then submitting to a mediator, and finally by submitting to binding arbitration in accordance with the rules of the American

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | 'O'  JS-6 |
|---|---|---|
| Case No. | 5:16-cv-01809-CAS (SPx) | Date   December 5, 2016 |
| Title | BRYAN GRIGSBY ET AL. v. DC 4400, LLC ET AL. | |

Arbitration Association ("AAA"). FAC Ex. 1 at 9. The foregoing process applies to "any disputes arising out of or related to" the Agreement. Id. Accordingly, the arbitrator has "the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement." Fadal Machining Centers, LLC v. Compumachine, Inc., 461 F. App'x 630, 632 (9th Cir. 2011) (quoting AAA Commercial Arbitration Rules, R-7(a)).

In light of the foregoing, plaintiffs' arguments that not every defendant here was a party to the Agreement and that the Agreement is unconscionable are unavailing. Plaintiff is free to raise these challenges to the arbitrability of their claims with the arbitrator.

Having concluded that the parties have clearly and unmistakably delegated the question of arbitrability to the arbitrator, "the only remaining question is whether the particular agreement to delegate arbitrability—the Delegation Provision—is itself unconscionable." Opus Bank, 796 F.3d at 1132. In doing so, the court must examine the incorporation of the AAA rules into the dispute resolution clause of the Agreement as a separate "antecedent agreement" that defendants are seeking to enforce. Id. (citing Rent-A-Center, West, Inc. v. Jackson, 561 U.S. 63 (2010)).

The incorporation of AAA rules into the dispute resolution clause of the Agreement ("the delegation provision") was not unconscionable. Plaintiffs contend that the Agreement is procedurally and substantively unconscionable under California law. Plaintiffs argue that the Agreement is substantively unconscionable because defendants have "taken all of Plaintiffs' property, money, and ability to perform work" while requiring arbitration across the country and "shifting half the cost of the arbitration onto Plaintiffs." Opp'n at 15.

The Agreement is properly interpreted pursuant to Arkansas law, not California law.[2] Like California law, Arkansas requires that a party show both procedural and

---

[2] The Agreement provides that it shall be interpreted pursuant to the laws of the state of Arkansas. "Federal courts sitting in diversity look to the law of the forum state when making choice of law determinations." Hoffman v. Citibank (S. Dakota), N.A., 546 F.3d 1078, 1082 (9th Cir. 2008). Under California law, there is a "strong policy" in favor of enforcing "arm's length contractual choice-of-law provisions." Nedlloyd Lines

Case 5:16-cv-01809-CAS-SP   Document 42   Filed 12/05/16   Page 9 of 12   Page ID #:820

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 5:16-cv-01809-CAS (SPx) | Date | December 5, 2016 |
| Title | BRYAN GRIGSBY ET AL. v. DC 4400, LLC ET AL. | | |

substantive unconscionability.  GGNSC Holdings, LLC v. Lamb By & Through Williams, 487 S.W.3d 348, 356-57 (2016) (2016).  However, the Supreme Court of Arkansas has foreclosed plaintiffs' argument with respect to the substantive unconscionability of compelling impoverished parties to pay for arbitration.  See id., 487 at 358 (holding that parties' inability to pay for arbitration could not make an arbitration agreement substantively unconscionable because such a conclusion runs afoul of a strong public policy in favor of arbitration, which looks upon arbitration "as a less expensive and more expeditious means of settling litigation and relieving docket congestion").[3]  Nor

B.V. v. Superior Court, 3 Cal. 4th 459, 464 (1992).  In determining whether or not to apply a choice-of-law provision in a contract, the Court must apply a two-part test.  Id.  First, the Court must determine "whether the chosen state has a substantial relationship to the parties or their transaction" or if there is some other reasonable basis for the parties' choice of law.  Id.  Second, the Court must determine "whether the chosen state's law is contrary to a fundamental policy of California," and enforce the parties' choice-of-law agreement if there is no conflict with a fundamental policy of California.  Id. (emphasis in original).

     Plaintiffs allege that Stephens is a resident of Arkansas.  Therefore, Arkansas has a substantial relationship to the parties or their transaction.  Id. at 467 (substantial relationship requirement satisfied where a party resides in the chosen forum).  Furthermore, plaintiffs do not identify any "fundamental" policy of California requiring the Court to disregard the parties' negotiated choice of Arkansas law.  Accordingly, the Court will determine whether the Agreement is unconscionable under Arkansas law.  See Nedlloyd, 3 Cal. 4th at 468 ("Because [plaintiff] has identified no fundamental policy of our state at issue in its essentially contractual dispute with [defendant]," the fundamental policy rule, "does not apply").

---

[3] Plaintiffs also argue that the Court should proceed with this action because it will inevitably return here in light of their inability to pay.  As plaintiffs observe, where an arbitrator terminates proceedings without issuing an award because a party cannot pay the arbitrator's fees, the District Court may, ultimately, adjudicate the party's claims if it concludes that the party was "unable to pay for [its] share of arbitration."  See Tillman v. Tillman, 825 F.3d 1069, 1076 (9th Cir. 2016).  However, the division of fees under the Agreement is subject to adjudication by the arbitrator.  As in Tillman, the Agreement

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 5:16-cv-01809-CAS (SPx) | Date | December 5, 2016 |
| Title | BRYAN GRIGSBY ET AL. v. DC 4400, LLC ET AL. | | |

can plaintiffs' argue that a provision of the Agreement is unconscionable because their financial status has changed since its negotiation.  Id. (focus is on the circumstances surrounding the negotiation and execution of the contract).

Furthermore, plaintiffs' must challenge the delegation provision specifically rather than the Agreement in its entirety.  As already discussed, supra n. 3, AAA rules include numerous provisions by which an arbitrator may seek fees, including up-front deposits.  However, plaintiffs' have not attempted to demonstrated that the AAA rules regarding arbitration fees are substantively unconscionable.  Although plaintiffs' challenge to the fee-splitting arrangement contained in the Agreement might theoretically be applied to the delegation provision specifically, such a challenge would be "difficult to establish" because plaintiffs' challenge is necessarily limited to the costs of an initial arbitrability finding.  See Rent-A-Ctr., W., Inc., 561 U.S. at 74 (declining to evaluate a party's analogous arguments when they were not tailored to the specific delegation provision).

Accordingly, plaintiffs' have not shown the delegation provision contained within the Agreement to be substantively unconscionable.  The parties have an enforceable agreement to delegate the question of arbitrability to an arbitrator.  Therefore, the proper scope of the parties' dispute resolution agreement must be decided by an arbitrator who shall determine whether any or all of plaintiffs' claims are subject to arbitration.

In light of the foregoing, defendants request dismissal of plaintiffs' claims with prejudice.  However, the Federal Arbitration Act does not require dismissal of plaintiffs' claims.  9 U.S.C. § 3 provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration

---

here incorporates the rules of the AAA.  Pursuant to AAA rules, the arbitrator determines the amount of deposits required in advance.  Id. at 1074.  Additionally, the arbitrator may give one party the option of paying the others' share.  Id. at 1073.  Accordingly, plaintiffs' argument that this dispute will necessary be resolved by the Court is unavailing.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'   JS-6** |
|---|---|---|---|
| Case No. | 5:16-cv-01809-CAS (SPx) | Date | December 5, 2016 |
| Title | BRYAN GRIGSBY ET AL. v. DC 4400, LLC ET AL. | | |

under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

Plaintiffs request that the Court stay proceedings here pending arbitration rather than dismiss plaintiffs' remaining claims.  The Court agrees.  Having concluded that the parties must submit the question of arbitrability to an arbitrator, the Court finds a stay appropriate.  Said arbitrator may still conclude that this dispute, or some portion of it, is outside the scope of the parties' arbitration agreement.  Accordingly, dismissal of plaintiff's claim with prejudice is inappropriate as it may deprive plaintiff of a forum for relief.  Accordingly, the Court orders the parties to arbitrate their disputes pursuant to the Agreement's arbitration clause and stays further proceedings in this action.

## IV. PLAINTIFFS' APPLICATION TO APPOINT A RECEIVER OR FOR A PRELIMINARY INJUNCTION

Plaintiffs argue that, even if the Court enforces the arbitration clause of the Agreement, the Court should grant plaintiff provisional relief pending arbitration.  However, nothing in the Agreement limits the arbitrator's authority to grant provisional relief pending a resolution of the parties' disputes.  Where the parties have agreed to arbitration and thereby agreed to a method for seeking provisional relief, it is "inappropriate for the district court to grant preliminary injunctive relief."  Simula, Inc. v. Autoliv, Inc., 175 F.3d 716, 726 (9th Cir. 1999); see also China Nat. Metal Prod. Imp./Exp. Co. v. Apex Digital, Inc., 155 F. Supp. 2d 1174, 1182 (C.D. Cal. 2001) (concluding that under Simula, the court had "no authority to grant" provisional relief under these circumstances).

Accordingly, plaintiffs' application for appointment of a receiver or for a preliminary injunction is **DENIED without prejudice to renewal before the arbitrator**.

## VI. CONCLUSION

Proceedings in this case are hereby **STAYED pending arbitration** pursuant to the arbitration clause of the Agreement.  It is **ORDERED** that this action is hereby removed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'    JS-6

| | | | |
|---|---|---|---|
| Case No. | 5:16-cv-01809-CAS (SPx) | Date | December 5, 2016 |
| Title | BRYAN GRIGSBY ET AL. v. DC 4400, LLC ET AL. | | |

from this Court's active caseload until further application by the parties or order of this Court.

Plaintiffs' application for appointment of a receiver or for a preliminary injunction is **DENIED without prejudice**.

IT IS SO ORDERED.

                                                 00     03
Initials of Preparer       CMJ